132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tonja Tonetta MONTGOMERY, Defendant-Appellant.
 No. 96-1283.
 United States Court of Appeals, Seventh Circuit.
 Argued November 12, 1997.
Decided Dec. 4, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois.
 Before Hon. Jesse E. ESCHBACH, Circuit Judge Hon. John L. COFFEY, Circuit Judge Hon. Michael S. KANNE, Circuit Judge
 ORDER
 MILLS, J.
 
 
 1
 Tonja Montgomery pleaded guilty to one count of possessing crack cocaine with intent to distribute, reserving the right to appeal the denial of her motion to suppress. Police stopped the car in which Montgomery was a passenger for a traffic violation, and found drugs both in the car and on her person in subsequent searches. The district court denied her motion to suppress the drug, and incriminating statements she made to the police, and she now appeals. We affirm.
 
 I. Facts
 
 2
 On April 18, 1995, the Springfield police received two anonymous phone calls indicating that one or two black females carrying a substantial amount of cocaine would arrive in Springfield on a bus after 11:00 p.m. that evening. The caller reported that one of the women would have a nice hairdo, and would be picked up by a black male in a two-door blue Chevrolet, while the other woman would have a light complexion and have the name "Dennis" tattooed on her neck. In respose to the calls, the Springfield police set up surveillance at the Springfield bus station.
 
 
 3
 Shortly before 12:20 a.m., the officers observed a silver 2-door car enter and leave the bus station parking lot four times. One of the officers saw the car's license plate, and determined that it was registered to the Hertz Rental Corporation at O'Hare airport in Chicago. At 12:20, a bus arrived at the station, followed by the silver car, which parked approximately 50 feet from the bus. Officer Loftus observed a black person exit the bus and enter the car. When the car left, Officer Loftus advised other units in the area that the car had left the lot, so that the police could stop the vehicle.
 
 
 4
 Officers Kohler and Banks followed the silver car for several blocks, and stopped the car after the driver made a right turn after signaling left. Officer Kohler then approached the driver's side of the car, and Officer Banks approached the passenger side. The officers found Kaven Warren in the driver's seat, Tonja Montgomery in the passenger seat, and a 16-year-old juvenile along with Warren and Montgomery's 1-year-old son in the back. The officers noticed that there were white flakes on the bottom of Warren's shirt, a white substance on Montgomery's jacket, and a white substance on the juvenile's hands. Officer Kohler also saw a fist-sized white rock that he suspected was cocaine in Warren's right shoe. A subsequent search of the car turned up several smaller pieces of suspected cocaine under the passenger seat and in the area around the passenger doorhandle. The officers searched Warren and the juvenile, and discovered a plastic bag containing white rocks on the juvenile.
 
 
 5
 The officers removed Montgomery's jacket, and saw a torn trash bag sticking out from the waistine of her sweatpants. Officer Kohler pulled out the bag, which was empty. When Montgomery was searched, three rocks fell from her sweatpants. All of the rocks proved positive for cocaine when tested at the scene. The officers recovered nine ounces of crack cocaine in total. At the county jail, after being read their Miranda rights, Warren and Montgomery both gave incriminating statements.
 
 
 6
 Montgomery was indicted on one count of possession of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Montgomery moved to suppress the drugs and her statements, alleging 1) the stop of the car was an invalid pretextual stop, because the order to stop the car was given prior to observing any traffic violation; 2) the plain view search of the car was invalid, 3) there was no probable cause to search Montgomery, because she was the passenger of the car, and 4) Montgomery's statements should be suppressed as the fruit of an unlawful arrest. The district court denied the motion on the grounds that there was probable cause to make the traffic stop, and that the search of Montgomery was a search incident to a lawful arrest. Montomery cooperated with the government and pled guilty, reserving her right to appeal the denial of the motion to suppress. She received a 41 month sentence. On appeal, Montgomery urges reversal on the same four grounds.
 
 II. Analysis
 
 7
 When reviewing a motion to suppress, this court reviews questions of law de novo, and questions of fact for clear error. United States v. Liss, 103 F.3d 617, 620 (7th Cir.1997). A district court's determination of probable cause or reasonable suspicion to search is reviewed de novo. See Ornelas v. United States, 116 S.Ct. 1657, 1659 (1996).
 
 
 8
 Montgomery argues at length that the traffic stop was pretextual, but this argument is foreclosed by Whren v. United States, 116 S.Ct. 1769 (1996). A traffic stop is valid when made with probable cause to believe that a traffic violation has occurred See Whren, 116 S.Ct. at 1772; United States v. Trigg, 878 F.2d 1037 (7th Cir.1989). The subjective motivations of the police officers effecting a stop cannot delegitimize a stop made with probable cause. Whren, 116 S.Ct. at 1774. Because the officer who stopped the car did so only after seeing a moving violation, the fact that the police had followed Warren and Montgomery prior to seeing the moving violation is irrelevant. See United States v. Williams, 106 F.3d 1362 (7th Cir.1997); United States v. Fiala, 929 F.2d 285 (7th Cir.1991).
 
 
 9
 Montgomery attempts to argue that there was no moving violation, even though both her statement of facts in the memorandum in support of the motion to suppress in the district court and the statement of facts in her primary brief to this court indicate that "[t]he driver signaled left, then turned right onto 31st Street." Even if it were true, as she states in her reply brief, that she only stipulated "that the officers said the driver signaled a left turn but turned right" (emphasis in original), Montgomery provides no evidence to show that the district Court's factual finding that a violation occurred was clearly erroneous. See Williams, 106 F.3d at 1366 ("Without any evidence to the contrary, we cannot find these factual determinations by the district court clearly erroneous.").
 
 
 10
 Montgomery's other claims are meritless, Both her Miranda claim and her challenge to thw search of the car are premised on the illegality of the initial stop of the car. Her challenge to the search of her person is similarly meritless, because the drug residue on her jacket and the drugs found in the passenger seat area of the car clearly gave the police probable cause to search Montgomery.
 
 AFFIRMED